# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MATTHEW J. THOMPSON,**

    **Plaintiff,**

**vs.**                                                     **Case No. 4:20cv285-MW-MAF**

**WARDEN R. POLK,**
**HAMILTON C.I. ANNEX,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se, submitted a motion for temporary restraining order to this Court on May 28, 2020. ECF No. 1. However, Plaintiff did not submit a complaint, nor did Plaintiff pay the filing fee for this case or file an in forma pauperis motion. An Order was entered on June 4, 2020, advising Plaintiff that if he wanted to proceed with this case, he must do one or the other, and he must also file a complaint. ECF No. 3. Plaintiff did not comply with that Order and a Report and Recommendation was entered to dismiss this case. ECF No. 4.

However, Plaintiff subsequently sought an extension of time in which to comply. ECF Nos. 5-6. Plaintiff's motions were granted and the prior Report and Recommendation was vacated. ECF No. 7. Plaintiff was given until August 31, 2020, to file a proper complaint and either file an in forma pauperis motion or pay the filing fee. *Id.* Plaintiff was warned once again that a recommendation would be made to dismiss this case if he did not comply. As of this date, nothing further has been received from Plaintiff.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not

comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 9, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**