# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MATTHEW J. THOMPSON,**
**D.O.C. # R64543,**

  **Plaintiff,**

**vs.**          **Case No.  4:20cv285-MW-MAF**

**WARDEN R. POLK,**
**HAMILTON C.I. ANNEX,**

  **Defendant.**
**_____/**

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on May 28, 2020, by submitting a motion for temporary restraining order.  ECF No. 1.  Plaintiff did not, however, submit a proper complaint, file an in forma pauperis motion, or pay the filing fee.  An Order was entered on June 4, 2020, requiring Plaintiff to either pay the filing fee or file an in forma pauperis motion and, in addition, file a complaint.  ECF No. 3.  When Plaintiff did not comply as directed, a Report and Recommendation was entered.  ECF No. 4.  Thereafter, Plaintiff requested additional time to comply.  ECF Nos. 5-6. His request was granted, the Report and Recommendation was vacated,

and a new deadline was set.  ECF No. 7.  Again, Plaintiff did not comply and another Report and Recommendation, ECF No. 8, was entered recommending dismissal for failure to comply.  Plaintiff then filed an objection, ECF No. 9, and an Order was entered by Chief United States District Judge Mark E. Walker, ECF No. 10, which accepted the Report and Recommendation and dismissed the case, but which advised Plaintiff that if he mailed an "amended complaint in the next thirty days," the Order would be vacated and Plaintiff permitted to proceed.

Plaintiff did not immediately comply, instead submitting another motion for a temporary restraining order.  ECF No. 12.  That motion was terminated and Plaintiff once again informed that if he "wishe[d] to prosecute his case, he must file a new action with a proper complaint." ECF No. 13.

On November 12, 2020, Plaintiff submitted an amended complaint, ECF No. 14, and a motion for in forma pauperis status, ECF No. 15. Plaintiff's motion demonstrates that Plaintiff qualifies for in forma pauperis status as he has maintained a zero inmate account balance and has had no deposits in his inmate account.  *Id.*  However, Plaintiff did not submit a

signed Prisoner Consent Form with his motion although that form is
included in the in forma pauperis application packet.

Moreover, it now appears that Plaintiff has been intentionally delaying
his compliance with the prior Orders.  While reviewing Plaintiff's motion to
determine whether Plaintiff is entitled to in forma pauperis status, it is noted
that Plaintiff's account statement reveals liens against Plaintiff's inmate
account which exceed eleven thousand dollars.  ECF No. 15 at 3.  Thus,
Plaintiff clearly has an extensive litigation history which would account for
the extensive liens.

Plaintiff's amended complaint was reviewed to determine the number
of prior federal cases Plaintiff has filed, and to determine if any of those
were dismissed as a "strike" under 28 U.S.C. § 1915 because they were
"frivolous, malicious, or fail[ed] to state a claim upon which relief may be
granted."  28 U.S.C. § 1915(g).  Notably, Plaintiff was previously informed
"that § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals
without full prepayment of the filing fee if the prisoner has had three prior
cases or appeals dismissed" on those grounds.  ECF No. 3.  Thus, he was

specifically made aware of his obligation to disclose those cases and determine for himself whether he was entitled to in forma pauperis status.

Review of the complaint reveals that Plaintiff failed to properly list all prior cases.  ECF No. 14 at 13-15.  Plaintiff listed only one prior state court case, and although he checked the "yes" box indicating he had filed other federal lawsuits, he did not identify any case.  *Id.* at 14.  Rather, Plaintiff wrote "N/A" on the form, which is not true.  *Id.*  It appears that Plaintiff is willfully attempting to mislead the Court about his prior litigation history, notwithstanding the fact that Plaintiff highlighted language on the complaint form which points out that the "three strikes rule" prevents certain prisoners from proceeding with in forma pauperis status "unless the prisoner is under imminent danger of serious physical injury."  ECF No. 14 at 13 (citing 28 U.S.C. § 1915(g)).

Prisoners are required to list all prior cases on the complaint form. *Id.*  Plaintiff did not.  He failed to list the following cases previously filed in this Court:

(1) case # 4:13cv15, filed on 1/11/2013, dismissed on 3/24/2014

(2) case # 4:13cv71, filed on 2/19/2013, dismissed on 5/07/2014

(3) case # 4:13cv341, filed on 6/05/2013, dismissed on 11/12/2013

(4) case # 4:13cv501, filed on 8/30/2013, dismissed on 3/21/2016

(5) case # 4:14cv287, filed on 6/12/2014, dismissed on 9/18/2014

(6) case # 4:14cv465, filed on 8/29/2014, dismissed on 3/30/2018

(7) case # 4:14cv544, filed on 10/15/2014, dismissed on 8/06/2015

(8) case # 4:14cv555, filed on 10/22/2014, dismissed on 4/22/2015

(9) case # 4:14cv620, filed on 11/19/2014, dismissed on 3/09/2017

(10) case # 4:15cv253, filed on 5/07/2015, dismissed on 1/29/2018

(11) case # 5:15cv283, filed on 10/30/2015, dismissed on 12/04/2015

(12) case # 3:15cv505, filed on 11/09/2015, dismissed on 12/03/2015

(13) case # 5:15cv296, filed on 11/13/2015, dismissed on 3/3/2016

Plaintiff's omission in listing his prior cases must be deemed to have been intentional because Plaintiff has already suffered a sanction for failing to honestly disclose all prior cases filed.  *See* case # 4:14cv287-MW-GRJ (dismissed for "abuse of the judicial process" because Plaintiff did not truthfully provide his litigation history).

Moreover, Plaintiff is certainly aware of the requirement that he must list any cases dismissed as a "strike."  That is so because Plaintiff has

accumulated "three strikes" and has previously been barred from proceeding with in forma pauperis status in this Court absent sufficient allegations of imminent danger.  *See* case # 5:15cv283-MP-CJK; case # 5:15cv296-MP-GRJ.  Here, Plaintiff not only failed to list his prior cases, he failed to clearly indicate that he was a "three striker" under § 1915(g).

The Court must be able to rely upon the veracity of the allegations and representations in a prisoner complaint.  Untruthfulness cannot be tolerated.  If the Court was to turn a blind-eye to a prisoner's failure to list all other federal litigation, the message would be clear to other prisoners that the requirement to make full disclosure is aspirational only with no consequences.  Plaintiff's lack of candor and his intentional failure to truthfully list all prior lawsuits on the complaint form warrants dismissal of this action as abuse of the judicial process.  *See* Redmon v. Lake County Sheriff's Office, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011); Johnson v. Crawson, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form").

Case No. 4:20cv285-MW-MAF

# RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 15, be **DENIED** pursuant to 28 U.S.C. § 1915(g),[1] and Plaintiff's amended complaint, ECF No. 14, be **DISMISSED** as an abuse of the judicial process, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2020.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Having reviewed Plaintiff's amended complaint, ECF No. 14, he has not clearly shown that he faces imminent danger due to insufficient safety protocols or the conditions of his confinement.  Plaintiff's allegations are vague and conclusory, and he has not alleged sufficient facts which describe what any named Defendant did, or did not do.  ECF No. 14 at 6-10.

Case No. 4:20cv285-MW-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.